# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT AND JURY DEMAND |
| KONOS, INC., | ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party, Jane Doe.[1] As alleged with greater particularity in paragraphs 10-12 below, the Equal Employment Opportunity Commission alleges that Defendant, Konos Inc. violated Title VII by subjecting Charging Party to a hostile work environment

---

[1] Given the public interest in protecting the identities of sexual-assault victims, the Commission is using a pseudonym to protect the Charging Party.

based on her sex. The Commission further alleges that Defendant retaliated against Charging Party for objecting to and complaining about the sexually hostile work environment by sending her home after she complained of the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of

Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Konos, Inc. ("the Employer"), has continuously been doing business in the State of Michigan and the City of Martin and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jane Doe filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On or about April 27, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to

endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 25, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since approximately April 2017, Defendant Employer has engaged in unlawful employment practices at its Martin, Michigan, facility in violation of Section 703(a)(1) and Section 704 of Title VII, 42 U.S.C. §§ 2000e-2; 2000e-3(a) by subjecting Jane Doe to a sexually hostile work environment and retaliating against her for complaining.

    a. Doe first started working for Defendant on or about April 12, 2017, as an egg inspector at its facility in Martin, Michigan.

    b. Shortly after Doe's employment started, Selvin Castillo-Vasquez, a supervisor, began sexually harassing her. He

    would send her text messages soliciting an intimate relationship with him. Doe rejected his advances.

c. Thereafter, Castillo-Vasquez sexually assaulted her on three separate occasions. The sexual assaults included forced kissing, groping, and digital vaginal penetration.

d. Doe reported Castillo-Vasquez to the police and also obtained a personal protection order against him. He was prosecuted and ultimately pled no contest to 4th degree criminal sexual conduct.

e. Doe also complained to Konos.

f. In retaliation for Doe's complaints about sexual harassment, Konos sent Doe home. Doe never returned to work.

11. The unlawful employment practices complained of in paragraph 10 were intentional.

12. The unlawful employment practices complained of in paragraph 10 above were done with reckless indifference to the federally protected rights of Doe.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex, including the creation of a sexually hostile work environment.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against any individual for asserting his or her rights under federal law or otherwise engaging in protected activity.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who oppose employment practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make Charging Party whole, by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described above.

E. Order Defendant Employer to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

                                      ROBERT CANINO
                                      Acting Deputy General Counsel

                                      GWENDOLYN YOUNG REAMS
                                      Associate General Counsel

                                      KENNETH L. BIRD
                                      Regional Attorney

                                      OMAR WEAVER
                                      Supervisory Trial Attorney


                                          s/ Nedra Campbell
                                      NEDRA D. CAMPBELL (P58768)
                                      Trial Attorney
                                      DETROIT FIELD OFFICE
                                      477 Michigan Ave, Room 865
                                      Detroit, Michigan 48226
                                      (313) 226-3410
Dated: October 9, 2020         nedra.campbell@eeoc.gov