THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　Plaintiff,<br><br>JANE DOE,<br>　　　Plaintiff/Intervenor<br><br>v.<br><br>KONOS, INC. (D/B/A VANDE BUNTE EGGS), TIMOTHY VANDE BUNTE, and ADAM DICKERSON,<br>　　　Defendants | Civil Action<br>No: 20-CV-00973<br><br>Hon. Paul L. Maloney |

## MOTION TO INTERVENE, TO JOIN INDIVIDUAL DEFENDANTS, AND TO PROCEED PSEUDONYMOUSLY

NOW COMES Plaintiff-Intervenor Jane Doe ("Plaintiff Doe"), by and through her attorneys, and hereby moves this Honorable Court to permit Plaintiff Doe to intervene as an individual party in the instant matter pursuant to Fed. R. Civ. P. 24(a)(1), to join two individual Defendants, and to proceed pseudonymously. Attached to this Motion as Exhibit 1 is Plaintiff Doe's intervenor complaint setting out the claims for which intervention and joinder is sought.

1. This matter was originally filed by the Equal Employment Opportunity Commission (EEOC) and alleges, inter alia, that the Defendant Konos, Inc., subjected Plaintiff to sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

2. The EEOC is the Plaintiff in this action and the Commission is currently represented by Trial Counsel for the EEOC, Ms. Nedra Campbell.

3. The EEOC informed Plaintiff Doe that she has a right to intervene as party in the action brought by the EEOC and to be represented by her own attorney.

1

4. Rule 24(a)(1) of the Federal Rules of Civil Procedure provides that on timely motion, the Court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute.

5. Pursuant to 42 U.S.C. §2000e-5(f)(1), Plaintiff Doe has a right to intervene as a party, as the person aggrieved by Defendant's conduct.

6. In addition, Plaintiff Doe wishes to pursue state law claims against Defendant Konos and against others who also participated in the retaliatory conduct at issue. The EEOC does not have jurisdiction to pursue these claims.

7. Moreover, although the EEOC would be able to seek some individual relief for Plaintiff Doe in this action, the EEOC's primary purpose is to further the public's interest and it is possible that at some point during the litigation that the EEOC's interests and Plaintiff Doe's private interests may diverge and become separate.

8. Therefore, Plaintiff Doe desires to intervene as a party and now files this Motion.

9. The request to intervene is timely, as the EEOC filed their complaint on October 9, 2020, and Defendants have not yet filed an answer.

10. Plaintiff Doe also seeks to join two individual defendants employers and agents who may be held individually liable under Michigan's Elliot-Larsen Civil Rights Act, MCL § 37.2202(1)(a).

11. Plaintiff Doe's intervention and joinder of two individual defendants will not unduly delay or prejudice the adjudication of the rights of the original parties, and in fact will serve to expedite the adjudication of said rights by allowing similar federal and state claims regarding the same general issues of fact and law, to be addressed in one forum.

12. Plaintiff Doe also requests that the Court allow her to file all court papers under the pseudonym "Jane Doe."

13. The matters involved and described in Plaintiff Doe's accompanying intervenor complaint involve information of the "utmost intimacy," including multiple acts of sexual assault, which have been highly traumatic to Plaintiff Doe.

14. Disclosure of Plaintiff Doe's identity would greatly embarrass her and exacerbate her trauma and little to no public interest would be served by having Plaintiff Doe's name identified.

15. Defendants are aware of Plaintiff Doe's identity and therefore will not be prejudiced by Plaintiff Doe proceeding pseudonymously.

16. The EEOC also sought to protect Plaintiff Doe's identity given the public interest in protecting the identities of sexual assault victims. ECF No. 1, PageID.1, FN. 1.

WHEREFORE, for all of the above-stated reasons together with the reasons stated in the Brief accompanying the instant Motion, Plaintiff-Intervenor Jane Doe requests that this Court enter an order granting her request to (1) intervene, be named as a party-plaintiff in the above-captioned matter and file her intervenor complaint, (2) join individual Defendants Timothy Vande Bunte and Adam Dickerson, and (3) proceed pseudonymously.

Dated: November 16, 2020   Respectfully Submitted,

*/s/Diana E. Marin*
Diana E. Marin (P81514)
Anna Hill (P78632)
Susan Reed (P66950)
Michigan Immigrant Rights Center
15 S. Washington Street, Suite 201
Ypsilanti, Michigan 48197
(734) 239-6863
dmarin@michiganimmigrant.org
ahill@michiganimmigrant.org
susanree@michiganimmigrant.org
*Attorneys for Plaintiff-Intervenor*